CITY BANK FARMERS TRUST COMPANY, etc., Plaintiff, *v.* COMBINED REAL ESTATE INTERESTS and Others, Defendants.

Supreme Court, New York County, December 13, 1933.

*Mitchell, Taylor, Capron & Marsh,* for the plaintiff.

*Weschler & Kohn,* for the defendants.

COLLINS, J. The plaintiff in foreclosure applies for a deficiency judgment pursuant to section 1083-a of the Civil Practice Act. The principal of the mortgage was $650,000. The plaintiff was the only bidder at the foreclosure sale and purchased the mortgaged premises for $625,000. The plaintiff's expert now appraises the value of the property at the time of the sale at $540,000. Accordingly, a judgment is now sought for the deficiency of $85,000, plus taxes and expenses of the sale.

This motion exhibits one of the perplexities wrought by chapter 794 of the Laws of 1933. The perplexity ensues, not from the language of the law itself, but from the undertaking to square its design with a concrete situation.

Upon a motion of this character " the court, * * * shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment." (Civ. Prac. Act, § 1083-a.)

In this instance, whilst the plaintiff's expert affixes a $540,000 valuation to the property, the defendant's experts maintain, by implication at least, that the buildings are worthless. Conse-

quently, the defendant concludes, no deficiency judgment should be entered.

Each of these divergent and irreconcilable views proceeds from a different premise. The plaintiff insists that at the time of the sale the property had a market value; the defendant, just as stoutly, maintains that there was no market for the property at such time and that, therefore, " the nearest earlier date as there shall have been any market value thereof shall be taken." The defendant takes, as such date, the end of 1929 or the beginning of 1930. It is from the assumption of these different hypotheses that different results are reached.

Obviously, a decision formulated upon these clashing affidavits, representing such a fundamental cleavage, would be nothing but a " hit or miss " compromise, if not a guess. The emergency legislation here involved at once recognizes the earlier inflation as well as the subsequent " abnormal deflation of real property values and the curtailment of incomes by unemployment and other adverse conditions." The intent of the new legislation is to bring both mortgagor and mortgagee within the spirit of equity; neither must be done an injustice. Whilst the enactment accords recognition to the principle that an abnormally changed real estate market must necessarily affect contractual rights and obligations, it was never contemplated that either mortgagor or mortgagee should have an unconscionable advantage over the other. Chapter 794 seeks to invest every mortgage foreclosure sale with a conscience.

Because of the diversity of opinion among the experts, this motion does not, as the plaintiff urges, raise an issue of law; it does not involve the construction of the enactment. The issue is " the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof." Patently, unless the evidence be undisputed, this issue is one of fact and not of law.

It is extremely difficult, and ofttimes unjust, to pass upon issues of fact without seeing and hearing the witnesses and deriving the benefit of cross-examination. Experience with awarding alimony *pendente lite* and counsel fees exposes the vice and danger of determining issues of fact upon affidavits expressing, not the language of the affiant, but that of their composer.

Though the human equation in such matters forbids mathematical precision, justice to the parties demands the pursuit of a more scientific procedure. A summary judgment may not be granted where a triable issue is disclosed. A deficiency judgment involves rights and consequences just as serious and substantial.

744

The difference in procedure does not alter or affect the ultimate fact that in both instances a final judgment is rendered.

Settle order on notice for a referee to hear and report on " the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof." If the parties cannot agree upon sharing the expense of a referee, an official referee will be designated. Certainly the already heavy burden of foreclosure proceedings should not be unduly or unnecessarily increased. The motion for a deficiency judgment will be held in abeyance pending the coming in of the report.